UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNIVERSITAS EDUCATION, LLC,

     Plaintiff,

v.                            Case No.:   2:19-cv-252-FtM-38MRM

JACK E. ROBINSON, III ,

     Defendant.

_____/

## ORDER

Pending before the Court are two matters related to a subpoena *duces tecum* served on Maxine Novak, a nonparty to the underlying litigation.  On March 15, 2019, Maxine Novak filed Objections to Subpoena and Motion to Quash and for a Protective Order.  (Doc. 1).  Universitas Education, LLC, filed a response in opposition to the Motion to Quash on March 25, 2019, (Doc. 2), and Ms. Novak filed a reply on April 17, 2019, (Doc. 11).  On March 29, 2019, Universitas Education, LLC filed a Motion to Compel Production Under Subpoena Duces Tecum.  (Doc. 5). Ms. Novak filed a response in opposition on April 1, 2019, (Doc. 6), and on April 26, 2019, Universitas Education, LLC, filed a reply in support of its Motion to Compel, (Doc. 18).  Upon consideration, the Court **DENIES** the Motion to Quash and for Protective Order (Doc. 1) and **GRANTS** the Motion to Compel (Doc. 5).

## I.     Background

Plaintiff Universitas Education, LLC ("Plaintiff") filed suit in the District Court of Massachusetts against Defendants Jack E. Robinson and Daniel Carpenter, alleging multiple causes of action, including aiding and abetting, fraud, breach of fiduciary duty, conspiracy, and civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO Act").  (Doc.

2 at 4; *see also* Doc. 1 at 1).  These claims were related to approximately $30 million dollars in insurance proceeds stolen by Defendants from Plaintiff, $15 million of which allegedly remains unlocated.  (Doc. 2 at 1; *see also* Doc. 1 at 1).  Plaintiff claims that at least $810,000 was transferred directly to Defendant Robinson.  (Doc. 2 at 4).  Defendant Robinson passed away while the underlying litigation was pending, and the District Court of Massachusetts reopened discovery to allow additional discovery (1) to determine who the personal representative of the Robinson estate was and (2) to determine the possible location of Defendant Robinson's assets.  (Doc. 2; Doc. 2-1 at 6:8-16, 7:5-12).  Plaintiff served nonparty Maxine Novak, Defendant Robinson's long-term girlfriend, with a subpoena on March 1, 2019.  (Doc. 1 at 2).  Ms. Novak was also Defendant Robinson's business partner in a joint venture involving Shadow Ridge Properties, LLC, "which purchased distressed properties or properties in foreclosure in Florida and fixed them up and rented them out."  (Doc. 1-2 at 3).  The subpoena set a deposition date for March 27, 2019, and the subpoena requested that she produce the following:

> 1.  Any and all documents, including communications, related to any matter involving Defendant, including but not limited to your receipt or purchase of property of any nature from Defendant, or any [c]ompany that Defendant was affiliated with.

> 2.  All documents regarding payments made to you by cash, check, or wire transfer from Defendant or any [c]ompany [a]ffiliated with Defendant, including salary payments.

> 3.  Any and all documents, including communications, relating to any matter involving [a]ffiliates of Defendant, including but not limited to your receipt or purchase of property from [a]ffiliates of Defendant, including Daniel Carpenter.

> 4.  Any and all documents, including communications, related to any matter involving any [c]ompany in which Defendant or any affiliate of Defendant had an ownership interest, including but not limited to your receipt or purchase of property.  Documents from such [c]ompanies must be produced whether or not said [c]ompany lists or listed Defendant or such [a]ffiliates as owners or officers of said [c]ompany.

5.      Any and all documents reflecting purchases of property made by any [a]ffiliate of Defendant, including Daniel Carpenter.

6.      Any and all documents reflecting purchases of property made by any [c]ompany, including but not limited to entities that have "Shadow Ridge Properties" in their name, in which Defendant or any affiliate of Defendant had an ownership interest, whether or not said [c]ompany lists or listed Defendant or such affiliates as owners of said [c]ompany.

7.      All documents regarding any bank accounts or accounts at any financial institution related to you or any entity that you control or in which you have an ownership interest.

8.      All documents regarding any bank accounts or accounts at any financial institution related to Defendant, Defendant's [a]ffiliates, or any [c]ompany that Defendant or Defendant's affiliates controlled or in which they had an ownership interest.

(Doc. 1-3 at 2, 7-8).[1]

Ms. Novak filed the subject Motion to Quash and failed to appear at the deposition or to produce the requested documents in light of the pending Motion to Quash.  (Doc. 5 at 4).  Ms. Novak's failure to appear prompted Plaintiff to file its Motion to Compel (Doc. 5).  Because the issues and arguments raised in each motion are parallel, the Court addresses the parties' arguments together.

## II.      Parties' Arguments

Ms. Novak maintains that the subpoena and requests contained therein are nothing more than a fishing expedition and that the subpoena "is unduly burdensome, seeks irrelevant information, and improperly requires the disclosure of Ms. Novak's protected personal information."  (Doc. 1 at 4; *see also* Doc. 6 at 6).  She asserts she has no information,

---

[1]  The time period covered by each request ran from "May 1, 2009 to the present."  (Doc. 1-3 at 6).  Moreover, included within the definitions of "[a]ffiliates" and "[c]ompany" were nineteen various individuals and entities.  (*Id.* at 5-6).

knowledge, or documents relevant to the case nor any knowledge regarding the location of

Defendant Robinson's assets, (Doc. 1 at 5; *see also* Doc. 6 at 2-3, 6), and files three affidavits in

support, (Docs. 1-2, 8, 10).[2]  She argues it "would be unduly burdensome to require Ms. Novak

to testify at a deposition and the subpoena should be quashed and a protective order issued."

(Doc. 1 at 6).  Ms. Novak also contends that Plaintiff should have sought this information

through Defendant Robinson himself "and/or the approximately 19 individuals and entities

during the four year period of time the underlying case has been pending" and not one month

before the close of discovery.  (*Id.* at 4-5).

In response, Plaintiff asserts that the subpoena seeks documents and information that Ms.

Novak "may have regarding Robinson's business activities, particularly in regard to Shadow

Ridge Properties, LLC," his finances, the business finances of the Carpenter Family and its shell

corporations, and the transfer of money or other property to Ms. Novak herself.  (Doc. 2 at 5; *see*

*also* Doc. 5 at 6).[3]  Plaintiff is particularly interested in determining whether Defendant

Robinson used Ms. Novak and Shadow Ridge Properties, a joint venture between Defendant

Robinson and Ms. Novak, to conceal stolen assets.  (Doc. 5 at 6).  Plaintiff contends that the

information sought is relevant, that Ms. Novak has not justified why she should not be required

to produce her or Shadow Ridge Properties' financial records, that she fails to "provide the

'particular and specific demonstration of fact' required to meet her burden" of showing that the

---

[2]  None of the affidavits are notarized.  (*See generally* Docs. 1-2, 8, 10).  Nor do they contain the language required to constitute an unsworn declaration.  28 U.S.C. § 1746(2) ("I declare (certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on (date).  (Signature).").  The affidavits simply state that they are "[s]igned under the penalties of perjury."  (Doc. 1-2 at 5; Doc. 8 at 4; Doc. 10 at 3).

[3]  Plaintiff refers to Defendant Daniel Carpenter's associates, including Defendant Robinson, as the "the Carpenter Family."  (Doc. 2 at 2).

subpoena is unduly burdensome, and that these objections are therefore conclusory and insufficient.  (Doc. 2 at 8-11).  With regard to the claim that Plaintiff waited too long to seek discovery from Ms. Novak, Plaintiff explains that the underlying case, including discovery, was stayed following Defendant Robinson's death, that discovery was reopened for the purpose of finding family and potential heirs of the Robinson estate, and that the District Judge also permitted Plaintiff to propound discovery regarding the location of Defendant Robinson's assets. (*Id.* at 8-9; Doc. 18 at 3-4).

In reply, Ms. Novak claims that Plaintiff makes "gross mischaracterizations" regarding the reopening of discovery, arguing that discovery was limited to "identifying who might be a statutory heir of Jack E. Robinson, . . . *not* to rummage through the personal and financial records of non-parties or harass them on account of the fact that they had some connection to Mr. Robinson during his lifetime."  (Doc. 11 at 1-2; *see also* Doc. 6 at 3-6).  She asserts that she is not a statutory beneficiary, and Plaintiff is not authorized to seek the information that it does. (Doc. 11 at 2; *see also* Doc. 6 at 3-6).

## III.   Legal Standard

Federal Rule of Civil Procedure 45 permits parties to issue subpoenas commanding nonparties to produce documents and to appear and testify at depositions.

> On timely motion, the court for the district court where compliance is required must quash or modify a subpoena that:
>
> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> (iii) requires disclosure of privileged or protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).  Where, like here, a nonparty seeks to quash a subpoena, the

nonparty bears the burden of establishing one of the requirements of Rule 45(d)(3)(A).  *Malibu*

*Media, LLC v. Doe*, No. 8:14-cv-2351-T-36AEP, 2015 WL 574274, at \*3 (M.D. Fla. Feb. 11,

2015).

Moreover, the scope of discovery under Fed. R. Civ. P. 45 mirrors that of Fed. R. Civ. P.

26, which provides:

> Unless otherwise limited by court order, the scope of discovery is as
> follows: Parties may obtain discovery regarding any nonprivileged
> matter that is relevant to any party's claim or defense and
> proportional to the needs of the case, considering the importance of
> the issues at stake in the action, the amount in controversy, the
> parties' relative access to relevant information, the parties'
> resources, the importance of the discovery in resolving the issues,
> and whether the burden or expense of the proposed discovery
> outweighs its likely benefit.  Information within this scope of
> discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  A court may issue a protective order for "good cause . . . to protect a

party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed.

R. Civ. P. 26(c)(1).  The party seeking a protective order must show good cause by making "'a

particular and specific demonstration of fact as distinguished from stereotyped and conclusory

statements' supporting the need for a protective order."  *Auto-Owners Ins. Co. v. Se. Floating*

*Docks, Inc.*, 231 F.R.D. 426, 429-30 (M.D. Fla. 2005).  Moreover, where a party seeks to compel

compliance with a subpoena, it must show that the information it seeks is relevant.  *Costa v.*

*Metro. Life Ins. Co.*, No. 6:17-cv-714-Orl-40TBS, 2018 WL 1635642, at \*2 (M.D. Fla. Apr. 5,

2018) (citing *Fadalla v. Life Auto. Prods.*, Inc., 258 F.R.D. 501, 504 (M.D. Fla. 2007);

*Connectus LLC v. Ampush Media, Inc.*, No. 8:16-mc-00159-VMC-JSS, 2017 WL 385758, at \*2

(M.D. Fla. Jan. 27, 2017)).

IV.     **Analysis**

As a preliminary matter, the Court disagrees with Ms. Novak that the subpoena falls

outside the scope of discovery permitted by the District Court of Massachusetts.  The transcript

attached to Plaintiff's Response (Doc. 2-1) reflects that in addition to reopening discovery for the

purpose of determining potential personal representatives of or heirs to the Robinson estate, the

District Judge permitted additional discovery into the identification of assets and left it to

Plaintiff to conduct discovery as they thought "appropriate and important in this context."  (Doc.

2-1 at 6:8-16, 7:5-12).  Thus, her argument that the subpoena is outside the scope of permissible

discovery has no merit.

The Court now turns to Ms. Novak's argument that the subpoena is unduly burdensome

because the information sought is irrelevant, because the information sought is "non-existent,"

and because the information sought includes her protected personal financial information.  (Doc.

1 at 4, 6).  Ms. Novak makes no specific objections to the individual subpoena requests and seeks

to quash the subpoena in its entirety and have the Court enter a protective order based on no

more than conclusory allegations that the subpoena creates an undue burden.  The Court finds,

therefore, that she has failed to meet her burden.  The Court nonetheless addresses the parties'

remaining arguments related to the relevance of the requests, to the alleged "non-existence" of

the requested information and documents, and to whether Ms. Novak should be required to

produce documents related to her personal financial information.

First, upon review of Requests 1 through 8, the Court concludes that the information

sought is relevant to the case.  Plaintiff claims that Defendant Carpenter, with Defendant

Robinson's help, stole approximately $30 million in insurance proceeds and that approximately

$15 million remains unaccounted for.  (Doc. 2 at 4).  Moreover, Plaintiff claims that $810,000

was transferred directly to Defendant Robinson.  (*Id.*).  Thus, as noted by Plaintiff, locating "any funds controlled by Mr. Robinson traceable to the initial fraudulent defalcation of the insurance proceeds from Plaintiff is relevant to every claim in the underlying litigation" and any "[d]ocumentation in the control of Ms. Novak would be relevant to determining the actual ownership interests of Shadow Ridge Properties, the source of all the funding that kept the Shadow Ridge Properties operating prior to Robinson's death, and may shed light on what happened to the Plaintiff funds that Robinson received—whether he moved them to Novak or elsewhere."  (*Id.* at 9).  The subpoena requests seek information relevant to the location or transfer of potential assets to or from Defendant Robinson, and the Court finds that the requests are relevant.

Second, the Court finds Ms. Novak's argument that the subpoena is unduly burdensome because it seeks "non-existent" information—*i.e.*, she does not have any information or documentation pertaining to the underlying action and that she does not have knowledge regarding Defendant Robinson's assets—is unavailing.  (*See* Doc. 1 at 5-6; Doc. 11 at 2). Despite these claims, her affidavits filed in support of her motion, although not properly sworn, do indicate that she has at least some knowledge regarding his financial affairs.  Notably, Ms. Novak was not only Defendant Robinson's long-term girlfriend, she was also his business partner, and the Court finds it unlikely that she has no possession, custody, or control over information or records related to Shadow Ridge Properties, which appears to be of particular interest to Plaintiff.  In fact, the parties' filings reflect that at least one property was transferred from Shadow Ridge Properties to Defendant Robinson in his personal capacity and that Ms. Novak was a witness to that transfer.  (Doc. 18-2 at 3).  Moreover, her affidavits reflect that she has information regarding his spending habits, credit cards, and life insurance policies.  (*See,*

*e.g.*, Doc. 8 at 2-3).  Thus, it appears that she has at least some relevant information and, to the extent her lack of knowledge could ever support a finding that requiring her compliance with the subpoena is an undue burden, that is not the case here.

Finally, although Ms. Novak contends that she should not be required to produce her personal financial records, she provides no justification other than to blanketly state they are "protected" and "personal."  (*See generally* Doc. 1).  Ms. Novak relies on *Gabriel v. G2 Secure Staff, LLC*, 225 F. Supp. 3d 1370, 1371-72 (S.D. Fla. 2016), in which the plaintiff filed a motion to quash subpoenas served on her bank and that sought her financial records, arguing that the subpoenas invaded her right to privacy guaranteed by Article I, § 23 of the Florida Constitution. Ms. Novak relies on the *Gabriel* court's statement that a party "may challenge a subpoena on the grounds that it implicates 'a personal right or privilege with respect to the matter of the subpoena.'"  *Id.*  As noted by Plaintiff, *Gabriel* touches on the issue of whether an individual has standing to challenge a subpoena served on another.  225 F. Supp. 3d at 1372.  The court in that case noted that an individual has no standing to do so, unless "that individual has a personal right or privilege with respect to the matter of the subpoena."  *Id.*  The *Gabriel* court determined that the plaintiff had standing to challenge the subpoena served on her bank because she "certainly ha[d] a personal right of or privilege with respect to her financial records."  *Id.*  However, the *Gabriel* court ultimately found the plaintiff's reliance on the Florida Constitution's privacy protection unpersuasive and denied her motion to quash the subpoena.  *Id.* at 1373.  Thus, while the Court agrees Ms. Novak has standing to challenge the subpoena, *Gabriel* is unhelpful to Ms. Novak's argument that the subpoena is unduly burdensome and should be quashed.  Without more than Ms. Novak's blanket claim that her personal financial information is protected, the Court finds that Ms. Novak's argument in this regard is unavailing.

## V.      Conclusion

In light of the above, the Court finds that Ms. Novak has failed to meet her burden to demonstrate why the subpoena should be quashed and a protective order entered.  The Court finds that the requests are relevant and proportional to the needs of this case, that Ms. Novak has at least some relevant information or knowledge, and that Ms. Novak has not established that the requests improperly seek her personal financial information.  Ms. Novak has failed to meet her burden in seeking to quash the subpoena and obtain a protective order, while Plaintiff has met its burden in seeking to compel Ms. Novak's compliance with the subpoena.  If, as she claims, Ms. Novak actually has no responsive documents in her possession, custody, or control, or has no information that Plaintiff seeks, she may testify as much under oath at the deposition so that she may be examined on that subject.

Accordingly, the Court hereby **ORDERS**:

1)      The Motion to Quash and for Protective Order (Doc. 1) is **DENIED**.

2)      The Motion to Compel (Doc. 5) is **GRANTED**.

3)      A one-day deposition of Maxine Novak shall take place no later than July 31, 2019.

4)      Maxine Novak shall produce at deposition any non-privileged, responsive documents that are within her possession, custody, or control.  If Ms. Novak withholds any documents on the grounds of attorney-client privilege or work product immunity, she must produce an adequate privilege log describing those documents at her deposition.

**DONE AND ORDERED** in Fort Myers, Florida on July 5, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties